## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| ALDO SAENZ, | § | |
| #37053-177, | § | |
| MOVANT, | § | |
| | § | |
| V. | § | CASE NO. 3:23-CV-699-N-BK |
| | § | (CRIMINAL NO. 3:06-CR-192-N-28) |
| UNITED STATES OF AMERICA, | § | |
| RESPONDENT. | § | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and Special Order 3, Movant Aldo Saenz's *pro se* motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 was referred to the undersigned United States magistrate judge for case management, including issuance of findings and a recommended disposition where appropriate. Upon review, the § 2255 motion should be **DISMISSED WITHOUT PREJUDICE** for want of jurisdiction.

### I.  BACKGROUND

In 2008, Saenz pled guilty to conspiracy to possess with intent to distribute a controlled substance and money laundering and was sentenced to imprisonment terms of 262 and 240 months, to be served concurrently. Crim. Doc. 519 at 1-2.[1] His conviction was affirmed on direct appeal. Crim. Doc. 815. In 2012, he unsuccessfully moved to vacate his conviction under 28 U.S.C. § 2255. *Saenz v. United States*, No. 3:12-CV-4365-N-BK (N. D. Tex. 2013) (dismissing section 2255 motion as time barred). In 2016, he filed a successive § 2255 motion

---

[1] All "Crim. Doc." citations refer to the related criminal case, *United States v. Saenz*, No. 3:06-cr-00192-N-28 (N.D. Tex. Oct. 1, 2008).

challenging a sentencing enhancement.  The Court transferred the successive motion to the United States Court of Appeals for the Fifth Circuit, which subsequently denied authorization to file a successive § 2255 motion.  *Saenz v. United States*, No. 3:16-CV-1785-N-BK (N. D. Tex. Aug. 15, 2016), *denying authorization to file*, No. 16-11246 (Feb. 21, 2017).

Undeterred, Saenz again seeks § 2255 relief.  Doc. 1.  He now alleges ineffective assistance of counsel during the guilty plea proceedings and on appeal.  Doc. 1 at 5-8, 13.  On February 24, 2023, however, the Court of Appeals denied authorization to file a successive motion alleging the same grounds.  *In re Saenz*, No. 22-11158 (5th Cir. Feb. 24, 2023).  This Court, therefore, lacks jurisdiction over Saenz's successive § 2255 motion.

## II.  ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 limits the circumstances under which a movant may file a second or successive application for federal habeas relief.  *See* 28 U.S.C. § 2255(h); 28 U.S.C. § 2244(b).  In general, to raise a new claim, the movant must show that the successive motion is based on: "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."  28 U.S.C. § 2255(h); *see In re Elwood*, 408 F.3d 211, 212 (5th Cir. 2005) (per curiam).  Before a movant may file a successive application in the district court, however, a three-judge panel of the United States Court of Appeals for the Fifth Circuit must determine whether the applicant makes the requisite prima facie showing.  *See* 28 U.S.C. § 2255(h); 28 U.S.C. § 2244(b)(3)(A) and (B).  Section 2244(b)(3)(A) constitutes a bar to the district court's jurisdiction to consider a successive habeas

application unless the United States Court of Appeals has first granted the movant permission to file such an application.  *See Davis v. Sumlin*, 999 F.3d 278, 279 (5th Cir. 2021), *cert. denied*, 142 S. Ct. 492 (2021) ("[Petitioner] never sought or obtained that permission, so the district court had no jurisdiction to accept the second-or-successive petition—much less to consider the merits of it."); *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (per curiam).

The United States Court of Appeals for the Fifth Circuit has not issued an order authorizing this Court to consider Saenz's successive § 2255 motion.  Indeed, as noted, the Court of Appeals has denied Saenz authorization to file a successive motion raising the same grounds. *In re Saenz*, No. 22-11158 (5th Cir. Feb. 24, 2023).  Because Saenz must first obtain permission of the Court of Appeals before he can file a successive § 2255 motion challenging his conviction, this Court lacks jurisdiction over his present motion.

Given Saenz's history of seeking successive § 2255 relief and the appellate court's most recent action on his request to do so, a dismissal without prejudice better serves the interests of justice than a transfer.

### III. CONCLUSION

For these reasons, it is recommended that Saenz's successive § 2255 motion be **DISMISSED WITHOUT PREJUDICE** for want of jurisdiction and for failure to obtain prior authorization from the United States Court of Appeals for the Fifth Circuit to file a successive § 2255 motion.  *See* 28 U.S.C. § 2255(h); 28 U.S.C. § 2244(b)(3).

**SO RECOMMENDED** on April 19, 2023.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Serv. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).